We're here for Zoom oral argument in our second case of the morning. RTI Restoration Technologies, Inc. v. Intl Painters and Allied Trades Industry Pension Fund, case number 24-2874. Would counsel for appellant please formally introduce himself and then make a request for how much time you'd like to reserve for rebuttal? May it please the court, Brian Pepicelli on behalf of the Intl Painters and Allied Trades Industry Pension Fund. If I may, please reserve three minutes for rebuttal. That's granted. You may start. This is a withdrawal liability dispute in which the district court invalidated an $800,000 assessment on the grounds that the pension fund failed to assess the plaintiffs for the withdrawal liability as soon as practicable under Section 1399. And with all due respect to the district court, it should not have waded into that issue because this issue is subject to arbitration, which the plaintiffs admittedly did not initiate and which they have therefore waived. Counsel, I have a question. You concede, do you not, that the plaintiffs could sue for summary judgment in district court based on the contention that they're not an employer? You have basically conceded that, have you not? That's correct. Okay. So when the district court is presented with that issue and another issue is raised about the notice, what is it that bars the district court from determining the as soon as practical issue? What is the case that says, and by the way, if the district court has this before it, it cannot decide this as soon as practical issue? Because as I read Dorns and Cotillon and Centric, it seems to me that if this is before the court, it is not an abuse of discretion or the court lacks jurisdiction, if you will, to decide that issue. So tell me your best case for this, especially after Allied, especially after Allied. What's your best case for the proposition that the district court in this fact pattern is barred from deciding that issue? Well, to be clear, the district court did have jurisdiction to consider it. We're not saying that there was not jurisdiction. This court's case law makes that clear. But in the Crown Court case, this court also says that to ignore this plain arbitration mandate would leave the arbitrability of these disputes to the discretion of district court judges, which is a result Congress plainly did not intend in mandating that disputes involving sections 1381 through 1399 shall be submitted to arbitration in the first instance. But this is not a dispute regarding a determination made under 1381 to 1389. This is not a dispute regarding that determination. This is a different dispute regarding an element of the claim. Under Allied, the claim doesn't even arise. You don't even have a claim, you know, regarding the determination unless these three things have occurred. So I guess, I mean, Crown Court is the case you're relying on. I don't think it's the opposite. There's other cases to your honor. So Barker and Williamson specifically states that, yes, a company in plaintiff's shoes may initiate or may raise this employer challenge in federal court, but doing so does not suspend the deadline by which it must initiate arbitration. And so if you fail to follow the statutory procedure by separately initiating arbitration with respect to issues that are within the scope of section 1401, then you will have waived them if you lose on that employer issue. And in Allied Paney case, yes, that case did involve the same section 1399 challenge by the employer there and by the plaintiffs here. The difference between these two cases is that the employer in Allied followed the statutory process of submitting that to arbitration in the first place. That is why this court was reviewing factual findings by an arbitrator on appeal. And that case came down two years after the plaintiffs in this case have already waived arbitration with respect to this 1399 challenge. In Huber, this court separately sent to arbitration an issue regarding whether or not the pension fund had the power to assess, send a second assessment under section 1399 because it went to arbitrable procedure and the validity of the assessment. That is the same thing here. If we did not assess as soon as practicable, then that could call into question the validity of the assessment under Allied. But for the plaintiffs to properly preserve that issue, they have to initiate it through arbitration within the statutory period or else they waive it. That is the ruling specifically from the Eighth Circuit in the Vaughn case that has been consistently followed throughout these cases. But if the plaintiffs want to complain about the pension fund's lack of diligence, they must themselves show diligence by preserving this claim. And they did not even file their claim in the federal court until after this arbitration issue had been waived. So I guess let me just tease out a little more on Judge Rendell's question here because it seems that we all know that persons in the plaintiff's shoes could come in and say, hi, we don't think we belong in arbitration. They can come to federal court and say, we don't think we belong in arbitration because we aren't even an employer. And so they certainly did that. And then it's natural, I think, for them to say, oh, and include the even if argument. Oh, even if we were an employer, then it wasn't as soon as practical. And what Judge Rendell is pushing you on and what you're resisting is, yeah, you can do the first part, no problem. Everyone does the first part. But don't even think about doing the even if tagalong. No. So you want a rule of law that says despite the practicality, despite the futility maybe of sending it to arbitration. I don't know if that's an issue in this case, but we do have summary judgment on that. But despite all of those things, the rule of law that you're submitting is no even if arguments are allowed. Do I have that right? That's correct, Your Honor. And it's not just the rule I'm submitting. It's the rule that this court has submitted in Barker and Williamson and also the 1992 Centra decision in which the company in that case challenged within the statutory period that the pension funds claim that they were employers. And then separately, they initiated arbitration with respect to all other challenges. And the court in that case specifically said, yes, they had to follow this process in order to preserve all those other challenges other than the employer issue. But how about in Republic Industries, where Judge Aldisert writing for our court said the policy justification that supports exhaustion through arbitration would not be furthered by postponing judicial review of the matter before the court, which was constitutionality of the MEPA. The law should never command a litigant to perform a useless action. Ordering immediate consideration will not dilute the efficacy of the exhaustion doctrine. Isn't that what we're presented with here? You know, clearly in Allied, we said, yo, you have to do this notice requirement. And here, and it's an element. And here it didn't happen. Why are we going through some kind of, you know, why are we trying to jump through hoops and say, oh, arbitration, when the court clearly was presented by exactly what Allied had to say? Your Honor, Barker and Williamson specifically addresses that passage of Republic Industries that you're referencing. And they say that this situation in this case regarding an employer, an employer's mere contention or a company's mere contention that they are not an employer does not rise to the level of a constitutional attack in which you would have to arbitrate something that you believe is unconstitutional. It distinguished between that situation. And it also pointed out that the company's argument in that case was an especially poor basis to raise that because by the time that the company had raised its employer challenge, arbitration had already been waived. That is the fact pattern of this case. Arbitration had to be demanded in January of 2022. They did not file, they never initiated arbitration, and they did not file their complaint in this case until April of 2022, 92 days later. Can you expand on what the arbitration provision says? It says disputes as to the determination, determination made. This is not a dispute as to the determination. And the case law says, you know, and I think in Republic we said it had to do with the disputes over the amount has to be arbitrated. That's not what we have. No, no, Your Honor. The determination could be made by the pension fund or it could be made by the plaintiffs in this case because it does not say determination by the pension fund. And if you go down a couple of statutory sections below when we're talking about presumptions of correctness, there's a presumption of correctness with respect to determinations made by the plan. I thought that was only with respect to unfunded vested benefits. Is there another one? No, it's any determination involving the subsections 1381 through 1399 and plus 1405, which is a calculational issue, but factual determinations regarding that. But what I'm pointing out is the difference in the statutory language that should mean something here because determination under 1401, that is very broad language. It applies to both parties. It includes no exceptions. It does not distinguish between things that go to the merits versus things that go to procedure as the plaintiffs have asserted. It simply applies to this case in this court has applied to just just let me just let me tease out who in this instance, who made the determination and how did they make the determination that the notice was sent as soon as practical. So the pension fund sent out the assessment. And then in response to that assessment, the plaintiffs requested review raising various calculational issues. They did that on September 24th, 2021 at supplemental appendix 18 to 20. And then the fund responded to that request for review in November. So, so as I'm looking at it, the phrase comes up as I read this is this is I'm sure you're familiar with this 1399 B1, but it says as soon as practical after an employer's complete or partial withdrawal, the plan sponsor shall. And then there's 2 subsections. The 1st 1 says notify the employer of in its amount of liability or schedule liability payments. And the next 1 is demand payment in accordance with the schedule. And so it seems that the things the plan sponsor has to do are notify the employer and demand payment. That's what as soon as practical comes. So, who made the determination that the notification was as soon as practical, or the demand of payment was as soon as practical, at least under this schema for evaluating that subsection by sending the letter, the fund had determined that it was within that as soon as practical condition. And if the plaintiffs wanted to challenge that, they would have had to raise it through arbitration within the statutory deadline. And if they don't raise it, then it is waived by virtue of section 1401 B1, which states. Failure to initiate arbitration within this deadline shall result in the amount. So, so, so it's so if I understand your position, it's that implicit in the notice. And implicit in the demand is a determination that they're being made as soon as practicable. Yes, and also there was a determination made by the plaintiffs in this case that it was not sent to them as soon as practicable under section 1399, because at some point, we're after we were well into this case on the single employer issue. They raised that for the 1st time after the issue had already been waived by not submitting it to arbitration. Well, isn't that at odds with what Allied said about the as soon as practicable issue? No, because Allied was reviewing a factual determination by an arbitrator in which the fund disputed in that case that the notice was not sent as soon as practical. Well, the arbitrator ruled against the fund, but then ultimately still entered the award in favor of the fund because of the prejudice issue, which this court and Allied ultimately said, we're not going to consider prejudice. Right. So that is different. The issue was submitted to an arbitrator, an arbitrator issued a final award, and then this percolated through the process that is specified in the statute. And so I would just direct the court also to the First Circuit's juror decision where that was an interim payments case when it was on appeal, but there was a separate arbitration issue regarding a 12-year delay in issuance of the assessment. The arbitrator during the course of the oral arguments in that case ultimately said that this is not going to be invalidated for a failure to assess as soon as practicable. And the court in that case said, we're not going to review that issue right now. We're going to make them follow the statutory process of appealing that arbitration award through the district court first, and then to this court, notwithstanding that it may be quicker in this case for judicial economy, we're going to stick to the scheme that Congress enacted. And Alex Janning cited that case in its footnote 17, as well as the Joyce case, saying that these are things to be raised in arbitration, as does Bay Area Laundry. And I know it was dicta, but Justice Ginsburg, in the unanimous opinion, said this may be asserted at an arbitration. She said, well, that's that's that's permissive. Yes, of course, it may be. It may be asserted. And maybe she'd say it may be also be a certain district court. That's not dispositive. Let me ask you a question. You would like this to go back to the district court for a finding regarding employer status. And if indeed the fund is, I mean, these plaintiffs are employers, they would be barred from contesting the notice because of the passage of time. Absolutely. That's the rule that flows directly from Barker and Williamson and this court's decision in Centra, as well as many other circuit courts that this court would be splitting from if it did not follow that well-established process. But those cases are cases in which the determination was made. And and then the employer didn't do anything. And the fund sued. And the employer was held to have been, I mean, the employer was held to have been barred to raise it because once they were served with the determination, they should have known because there was no issue as to whether they were an employer. So here we have a different situation. There's a genuine issue about whether. Anyway, I wanted to get your argument. Judge Randall, just to be clear, the Eighth Circuit bond decision involved the threshold issue of whether those companies were employers within the meaning of the statute under a control group theory. Here, the theory is successor liability mainly or alter ego or single employer. It's the same thing. In federal court, they challenged their employer status. And then because they were deemed to be employers, they ultimately waived that other section 1399 challenge because they did not timely initiate arbitration with respect to it. But they didn't have they didn't have allied as their precedent. Allied is a very it's an unusual case. But but Allied basically said that the fund must follow a statutory requirement. Right. And Allied did not say that the employer can get the benefit of this if it disregards a different mandatory provision. Right. And there's an order of operations. If they don't timely initiate arbitration, then the amounts claimed shall become due and owing as a matter of law. So so so what what what exactly what exactly is the regime that you see following from this? Do you see like prophylactic arbitration requests by entities that say, hey, we aren't an employer. We really don't even belong in arbitration. The last place we belong is arbitration because we are an employer. But we don't want to lose our rights to challenge as soon as practical. So we're going to file a prophylactic arbitration demand. And then we go to district court on a D.J. action. Is that is that the sort of kind of litigate litigate the case in two for a approach that you're advocating? Well, file the case in two for and then seek a stay of the arbitration, as was done in Central. You don't necessarily have to ask the district court for a stay of that proceedings, because if they would have asked us to stay the arbitration, we have no interest in arbitrating an issue that was not even raised in there. We would have agreed to this day. We've agreed to that in other cases. Right. And we would have agreed to it here. And the arbitrator also has independent discretion. I cite all these different cases and footnotes. And I believe my reply brief, there's a 10th Circuit case that says the arbitrator has discretion to stay. But, yes, ultimately, you find that reserve it. But then we don't necessarily have to do anything on it until we have this threshold issue, because it would be inefficient for us to go through an arbitration only to lose in the district court because these guys aren't employers and then say, well, the assessment's invalid anyways. And by the way, as soon as practicable, that provision only applies to employers. Right. So if they're not an employer, then it doesn't apply. It only applies if they are employers, which they dispute. So why would they get the benefit of a provision that doesn't apply to them under their own theory? But district courts routinely do an alternative theory. And even if I mean, it's almost lacking in judicial economy to not address something like that. And you want us to say the district court abuses discretion. I want you to follow the court's earlier decisions in which it says that we will not suspend this arbitration deadline merely because it might promote judicial economy when Congress has been very clear that this is to be decided by an arbitrator in the first instance. Jurisdictions are red herring. There's a statute. Okay. All right. All right. We're over time right now. I think this I think I think maybe any other thoughts you have on this. You've got you reserved your 3 minutes for rebuttal. You can, you can think how you want to conceptualize those for us on rebuttal. But but now we're going to turn it over to your, your friend on the other side, please introduce yourself and we'd like to hear from you. Thank you. Your honor. Good morning. Your honors. Please the court. My name is Eric. I represent the appellees in this matter. RTI restoration technologies, Inc. and industrial maintenance industries LLC. And the district court had every right to determine that a pension fund did not assess and demand withdrawal liability as soon as practically, especially when the party being assessed is indisputably not an employer and not part of control group. I want to go out of my originally order and dress right and address the issue that's been discussed at length right now. And that's the determination language. Section 14, any dispute between an employer and the plan concerning a determination made under 1381 to 1389 shall be resolved through arbitration. And that language determination is very important because it does not say concerning sections 1381 to 1399. And if you look at the statutory language, and as the pension fund has argued, let's look at the plain language of the statute. If you look at the plain language of all of all the statutes between 1381 to 1399, every time the word determination is used goes to the calculation of withdrawal liability. Now that has been expanded a little bit through precedent that the determination goes towards the demand for withdrawal liability. It goes towards the date of withdrawal liability, and it goes towards the calculation of withdrawal liability, because the determination has to do with the amount. And why? Because district courts don't want to deal with fights about how something was calculated. And there is a presumption of reasonableness for the calculation. There is no presumption of reasonableness for whether or not a pension fund acted as soon as practicable. That is an independent statutory requirement. That is not a presumption that they make. It's 1, though, that is it is 1 that in the statute is expressly linked to the phrase demand. And if demand constitutes a determination based on our case law, and as soon as practical expressly links itself to a demand, doesn't that also constitute a determination? No, it does not, Your Honor, respectfully, because what the demand is, where the determination and demand fall into place has to do with the fact that they made a determination that the fund withdrew. Then they made a determination of the amount, but there is no language that they need to determine when the assessment goes out. That language just does not, is not in statute. And if you look at precedent, Third Circuit precedent, all the way from Flying Tiger from the 80s, all the way to Allied now. As early as the 1980s, Flying Tiger stated that the MPPAA provisions that are explicitly designated for arbitration. They have to fall within the purview of the MPPAA provisions. Counselor, what do you say a Barker versus Williamson that your opponent seems to be relying so greatly on? Yes, well, Barker and Williamson is really not applicable, Your Honor, because Barker and Williamson, the issue is whether a member of a control group had constructive notice. That had nothing to do with whether or not something was issued as soon as practicable. That was the issue in that case. And they're a control group member and an employer are different than alleged successors and alter egos, because an alleged successor, an alleged alter ego is not a contributing employer and is not a member of a control group. So they cannot be compelled to arbitration because an arbitration doesn't have any juris, an arbitrator does not have jurisdiction until, unless and until that entity is determined to be an employer. So Barker and Williamson is not, is just not applicable at all. Well, I'm assuming I'm assuming and I have to go back and look at that case, but I'm assuming that that case arose in arbitration. And the question is, was that issue was raised. But does anything in Barker and Williamson prohibit a court from deciding an issue regarding notice as soon as practicable? No, and I have not seen a single case in within the third circuit that addresses that issue in any way, shape or form. Every case, every case that the fund relies upon has to deal with employers or control group members who either initiated arbitration or decided not to initiate arbitration. None of those cases deal with situations that we have today, which is whether someone is a successor or alter ego, because they are not employers. They are not members of a control group and successors and alter egos are not even addressed in the statute itself. That was created by common law. So I guess your position, though, seems to suggest that there would at least be even to your position, there'd be a magic words exception if. If in demanding payment in accordance with the schedule, the fund says, and we've made the determination that that this this demand was made as soon as practicable. Then it seems that you've got a determination that fits within the statutory subsections. And so they've told you, yeah, we're actually making this as soon as practicable. We're the best people to make it because we know how practical things were on our end. It's not your end. It's our end that matters. Practicality. And so if they would have said that you the determination issue would be solved if they said, oh, yeah, we're demanding this or we're notifying you of this and we determine that we're doing so as soon as practical. Then then that's just that they've locked you up, haven't they? Not at all, your honor, because they can't they can't expand the statute to provide them with a power that the statute does not provide them. Nowhere in the statute does or case law, for that matter, says that a pension fund makes the determination as to what is or is not as soon as practicable. And now that we have allied allied said that is an independent statutory requirement. Allied did not say that it is that the pension fund determines what is or was not as soon as practicable. And then you employer or alleged employer need to rebut that presumption by saying it's either unreasonable or clearly erroneous. That that was an ally. That was a finding that the arbitrator made against a I don't remember if there's an employer or a control group member, but that was a determination that the arbitrator made. It wasn't a burden that the the employer had to over had to overcome. And even in this case, I Pat filed a counterclaim to collect withdrawal liability. And on summary judgment, the district court ruled that they did not meet an element of their claim, which is to assess, notify and demand as soon as practical. And as a result, the district court dismissed their case, dismissed their case. There was never a motion to compel arbitration. There was never any sort of argument that the district court lack jurisdiction. In fact, the district court clearly had jurisdiction because there was a counterclaim to collect withdrawal liability and the district court determined that. But there has never been a case interpreting any of these statutes that stands for a proposition that a pension fund makes the determination of what is or was not. So but but but you agree, though, that that as soon as practical can be decided in arbitration. Right. Of course. Yes, it absolutely. So and so are there any other issues that can be decided in arbitration where there's case law that says, yeah, you even though it can be decided interpretation in arbitration, we're fine with you coming to a district court first. Yes. So, for instance, there is in prior cases in this circuit, this circuit has determined that it will not overexpand the the arbitration requirements outside of the technical requirements of calculating. And if we look at and look at Dorans and culture young culture, John, it would not expand. It would not expand arbitration for questions of fraudulent inducement to join a pension fund or misrepresentation in central. But I know that, but my question is, aren't those cases where they said, don't bring this to arbitration? This isn't subject to arbitration. I'm asking where we take it as a given where you say, yes, this can be raised in arbitration. Do we have a single case that says something that can be raised in arbitration can also be raised to kind of de novo or first crack in district court? And I kind of get the sense that that, you know, whether it's articulated or not, the answer seems to be, if it can be raised in arbitration, I don't see too much case law where a court says, yeah, and we'll take it up first first crack as well. I think I agree with what you're saying, your honor. I haven't seen a case where it said you're you cannot raise this in arbitration other than employer employee employer status. Yes, when when a control group member, or when an employer initiates arbitration as they should do as the statute requires for the technical requirements. It makes sense. You're in one forum, fight it out in arbitration, you're allowed to I mean, who wants to fight on two forums if they if they don't have to. So, yes, as long as you're not talking about an employer status, they can or fraud or misrepresentation. Yes, they can be raised in arbitration because the arbitration would have that jurisdiction. And of course, I don't see why an employer and a pension fund can't agree to argue something in arbitration. Council, let me ask you, I'm sorry to interrupt you said something. When this was in the district court. Did the fund say, Your Honor, you're precluded from deciding this issue about as soon as practical because they waive their right to go to arbitration. They, they did argue that we waived our right to a latches defense. Right, because we did not initiate arbitration. And that was that weird time when when the role of pre allied. We didn't know where we didn't know where we didn't know where latches came in. So they did raise the same issue they're raising now. Yes, but so I, you know, it was the latches defense in full disclosure. We didn't as Judge Phipps just meant we didn't have the luxury of allied at that time. So, before the district, but they at no point. Did they move to dismiss to compel arbitration and no pointed that they argue that the judge has no jurisdiction. At all, only to address the employer employee status. And I think that is a big element as well as long in addition to the fact that the determination, in my opinion, and based upon the language of of numerous precedent in this circuit, not the eighth or the 10th in this circuit. Employers cannot be compelled to arbitrate. So, what is the pension fund saying? We are required to fight this on 2 fronts are required to initiate arbitration, but the law is clear. You cannot require an employer to arbitrate a dispute. So, but isn't that the word I used earlier is prophylactic. It might just be a preservation sort of arbitration request, but but isn't the answer you file that and say, hey, look, you know what? We don't think we belong here and we're going to district court to get an answer to that, but we don't want it. We don't want to lose our rights. So it seems that that what you're out is an extra arbitration demand. You preserve all your rights and you fight about employer status in the district courts. Not necessarily your honor in maybe in some circumstances that might be the case, but just initiating arbitration in and of itself would be a violation is not is not fair is not according to the law, because an employer should not a non employer cannot and should not be an arbitration. And I don't know if the pension fund would agree. I mean, you know, there's an argument that was made in the appellate briefs that all and I do is just simple write a 1 sentence letter and initiate arbitration and then it just sits there on a shelf. That's not accurate. The regulations, their deadlines. You need to initiate an arbitration. You need to select an arbitrator there. And then there's a deadline in which the arbitration must must take place. There is an deadline. There's all sorts of deadlines. Can we draw? Would we draw a distinction between a situation where the issue of as soon as practicable is a really thorny factual problem. As compared to one where it really, there's really no fact at it's really not a factual matter, you know, whatever the contention is, it's really, you know, doesn't doesn't amount to a hill of beans, as you will. Whereas, and say, well, if the district courts confronted with something that's really a thorny issue about practical as soon as practicable, then it should go to the arbitrator should we do something like that. No, Your Honor, because then I think that would reverse 30 years of precedent in which this circuit has said. The, the, what has to be an arbitration, I think, if I remember correctly, I want to say central central in 1992 said the technical provisions of how and when to assess withdrawal liability and the form and the formulas for calculating. That's what is required to be an arbitration. That's it. Not every dispute, not any defense, only the technical requirements for how we get the money and why because the arbitrator who is supposed to be experienced and intelligent to know these requirements. They're going to deal with the calculations of how much is going to be doing knowing everything else can be in the district court and whether whether it should or should not all depends on a variety of other issues. Right? And so, but, you know, let me just get in with this is it strikes me that that. At 1 level order of operations is we got to know who the employer is, because because before we, whether we know someone's an employer, we don't have any arbitration. We don't even know if arbitration, of course, but it seems like when there's such a threshold issue as to who the employer would be. You know, sometimes what we do in those instances is we, we allow for tolling or something like this, but you didn't you didn't argue for tolling. I could see at least exploring the possibility of saying, hey, you're right. We didn't go to arbitration that time here because we didn't think we had to. But if it turns out that we are deemed an employer, then can't you told the time that we would get for arbitration and but, but you didn't, but you didn't you haven't pressed that point at all. And so I'm, I mean, it sounds like, no, there's, there's more rigid deadlines for when you have to go to arbitration and you seem to stipulate, or at least concede that they apply. I mean, a lot of this fight might go away if, you know, or be less big. If on the back end, you could, you got you got told time and you could just say, well, you know, we'll press as soon as practical and arbitration. What are your thoughts on tolling? Sure, your honor. I will disagree. I respectfully disagree with the pension funds attorney. I do believe that the lawsuit was filed in enough time and there is no requirement in this circuit that we that an alleged employer needs to move or make a motion to stay arbitration. In fact, there's 3 different requirements that are done that are required. 1, if they're actively misled, but also. If the, if the exact issue was raised, but in the incorrect forum, because and raised it raised this initiated this lawsuit, if it turns out that it was in the incorrect forum. That's OK, because that does equitably told it does not need to be that second. Are you sure about that? You normally have to raise in the wrong forum within the time period that it would have been due in the correct forum. And I'm not sure that you raised it in the correct in the time period for the correct forum. I don't think you can say we should have been front of the arbitrator, but since we weren't, we can blow past the deadlines that would have applied. You typically have to act within those time periods of the correct forum. That's that's wrong for it. I mean, wrong forum tolling isn't just you filed in the wrong place. You get a complete do over. You're bound by some of the principles of the correct forum. Right? Well, in, and I don't have the case right in front of me, your honor, but there was not a requirement that they file a motion to stay or to toll. It was that they raised the claim in the forum and by by attacking the employer status. Then we raise the issue because remember, it is not a defense. As soon as practicable is not a defense to be raised by the employer. It is an independent requirement. So, we would not raise that. So, just to tease this out, if we were to say, no, as soon as practical can't be decided by district court. Right, well, just just just you lose for purposes of today, then if you initiate arbitration, it would fall to the fund then to say, hey, wait. This is too late and then the arbitrator would decide that and they'd balance that against the as soon as practical determination, the element that you would that you would be going. And so we kind of park all those timing issues in front of the arbitrator. Is that is that the plan B if you lose today or is there something or would you just say, no, we give up on arbitration. Not not no plan B. We've got plan A and plan A is fight at trial to win the employer issue under alter ego and stuff like that. It is for two reasons. It is difficult to answer that question. Your honor for two reasons. Number one, we still have to determine employer status. Number two, if we are an employer, we are only successors and alter egos. And there is precedent that for successors and alter egos, they are not considered on notice until they are determined to be successors and alter egos. So all that would do your honor is cause more fights and more disputes and maybe arbitration again, but but but all in arbitration. If you tell us, yes, if we are an employer, then yes, you're potentially your honor because it doesn't go into that does not go into the calculation of which role liability. So not necessarily arbitration, not necessarily. I think I think the issue here today that is that there are no cases in this circuit in which the issue has to do with successors, alter egos, and as soon as practical. Okay, I have nothing further to my colleagues have anything they'd like to ask before we hear three minutes of rebuttal. I'm good. Thank you. Thank you. Nothing further. All right, Mr pepper Sally. Picking up where Mr McNally left off this course decision in dowry. The 1994 decision in which the court did consider equitable tolling with respect to this particular section 1401 deadline did involve an alter ego claim and it held that arbitration was required with respect to the alleged alter egos. Also, we sent this notice directly to the plaintiffs in this case, that is undisputed from our counterclaim, and their answer to our counterclaim. And so they can't claim that this Barker and Williamson issue is distinct because in Barker and Williamson the issue was, was there constructive notice to somebody in the control group, that issue goes away if we send them a letter directly, which they did. This is actual notice. Separately with respect to the dorms. That is the only case as far as I'm aware, that has ever carved out an exception for pure legal issues, right, if it's a pure legal question this court in dorms said that it was not an abuse of discretion for the district court to wade into that issue. But then in culture yawn and crown cork, and all these other cases, they have limit in flying tiger, they have limited dorms to his facts, they say it's a rare case in which there will be no factual issues. And you were right judge Randall, this as soon as practical challenge is a factual issue, we cite cases in our reply brief, including the circuit case from bond that I mentioned earlier, where they say this is a factual, factual defense that needs to be arbitrated. So, for all of those reasons. None of those distinctions that Mr McNally pointed to during his response, really carry any weight. As far as the determination being limited to things that go to actuarial issues. I think we're talking past each other here judge fits you had asked about what isn't that limited to calculational issues. And so the part that I was referring to was 1401, a three, a, which says prefer for purposes of any proceeding under this section, any determination made by a plan sponsor under sections 1381 through 1399 of his title in 1405 is presumed correct so that recognizes that determinations made by the plan, not just determinations, without regard to the plan so that the prior section of 1401, a one. Requiring arbitration for any determination period, no matter who made it either the plan or the employer, then that is subject to arbitration, but once we're once we're in an arbitration, only the funds determinations are the ones that are presumed correct. And that includes things way more than just calculational issues. So, within that range of sections, 1383, a common dispute is not an issue in here, but a common dispute that we often face is whether or not somebody qualifies for the building and construction industry exemption. That includes a substantially all tests that we often fight about as to whether or not the employers work. So, but so wouldn't your case be a lot easier if when you sent the notice and sent the demand you also said, oh, we also determine that it's. Uh, that we've done so as soon as practical, because then you would get the benefit of the 1401, a 3, a unreasonable and clearly erroneous standard, or is your colleague says, do you think that that is just beyond. That we've injected too much into the text, and the text isn't limited to that, or the text is limited to only notify demand and maybe assess. Right, so that what has to be included in the assessment letter is what is provided in there that we're notifying you that we have determined that you owe us withdrawal liability. Here's a payment schedule. The amount is this and we demand payment in accordance with it. We don't have to say anything about as soon as practical. Yes, it's a timing requirement that we have to comply with, but they have a separate time and compliant requirement that they have to comply with. If they want to initiate arbitration regarding it, and I'll just point out, I don't know if I made my point clearly, so I apologize if if I'm repeating myself, but on September 24th 2021 their request for review. They did not raise this issue, even though they clearly would have been able to raise it in their request for review. That's a supplemental appendix 18 through 20 they only raise calculational issues. And so they never demanded arbitration after we responded to their request for review that response letter from November 24th 2021 supplemental appendix 21 through 23. That is the event that triggered the 60 day arbitration window. We can see from the supplemental appendix with the billing records of plaintiff's counsel that they looked at that letter the same day it came out. They had a conference call with their client, the plaintiff's owner, Eric Sobel, within a week, and they still laid low. They never tried to initiate arbitration. And so it wasn't until after we were sued, and we sued them for delinquent payments, did they for the first time raise this as soon as practical challenge. They hadn't raised it before, it wasn't an issue, so why would we initiate arbitration with respect to something they didn't even complain of to us? Maybe it's because at the time it was viewed as an affirmative defense under latches. I mean, maybe it wasn't, it wasn't viewed as an element that you bore the burden of. I mean, I'm not trying, I'm not trying. Yes, rhetorical question. Usually ask rhetorical question when it lands a blow, but I've got, I've got a few ready answers on behalf of your colleagues. But the answer, I think, is that they don't want to be in arbitration. They wanted to just be in the district court, and it may be the judicial economy, but this court, as I've noted in the reply brief, has clearly said that, you know, arbitration in general is what promotes judicial economy. And even if this arbitration process does not further economy in any given case, that doesn't really matter because it still has to go to arbitration anyways. All right. I have nothing further. Do my colleagues have anything further? Nothing. I'm okay. Thank you very much for oral arguments. We'll take this matter under advisement. Thank you.